UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA K. GUNDY,

                Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                Defendant.

Case No. 3:09-cv-05111-KLS

ORDER DENYING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412

     This matter is before the Court on plaintiff's filing of an application for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing plaintiff's application, defendant's response to that application, plaintiff's reply thereto, and the remainder of the record, the Court hereby finds that plaintiff's application should be denied because defendant's position was substantially justified.

## FACTUAL AND PROCEDURAL HISTORY

     On January 21, 2010, the Court issued an order affirming defendant's denial of plaintiff's applications for disability insurance and supplemental security income ("SSI") benefits. See ECF #23. On March 22, 2010, plaintiff filed a notice of appeal with the Ninth Circuit. See ECF #25. On May 19, 2011, the Ninth Circuit reversed the Court's order, remanding this matter for further administrative proceedings. See ECF #28. Plaintiff now seeks an award of attorney's fees and

ORDER - 1

expenses pursuant to the EAJA, which defendant opposes on the grounds that the government's position was substantially justified. For the reasons set forth below, the Court agrees defendant's position was substantially justified, and accordingly finds an award of such fees and expenses are not warranted in this case.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990). Defendant does not contest plaintiff's status as a prevailing party here, nor has he argued that special circumstances exist making an award of attorney fees unjust. Rather, as noted above, defendant argues the government's position was substantially justified.

For defendant's position to be "substantially justified," normally this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at 158 n.6; Flores v. Shalala, 49 F.3d 562, 569-

ORDER - 2

70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Pierce, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of

ORDER - 3

the circumstances" test)[1]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali, 854 F.2d at 332, 334[2]; Thomas, 841 F.2d at 335. In terms of whether the position of the government was substantially justified, the first part of the Court's "inquiry into the nature of the underlying government action" – that is, into the reasonableness of the ALJ's decision – "will by definition concern only the merits of that action." Kali, 854 F.2d at 332. In addition to encompassing this first inquiry, the inquiry into the government's decision to "defend the merits of the challenged action" in federal court, also must "focus upon extraneous circumstances bearing upon the reasonableness of" that decision. Id.; see also Sampson, 103 F.3d at 922 (inquiry into litigation position of government ordinarily will encompass inquiry into administrative decision).

---

[1] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

[2] Plaintiff argues Kali is inapplicable to this case, because it did not involve the situation where "the ALJ violated legal principles that have been in place for decades and to which there is no dispute, that being the weight to be given to opinions of treating physicians and the manner in which the ALJ must interpret those opinions." ECF #35, p. 2. However, Kali was still a case dealing with EAJA fees, and thus the general rule voiced by the Ninth Circuit in that case applies here as well. See Spurlock v. Sullivan, 790 F.Supp. 979, 981 (N.D. Cal. 1992) (agreeing with government that it was "no doubt true" as found in Kali that "the [Commissioner's] failure to prevail does not raise a presumption that its position was not substantially justified" in case where ALJ did err in evaluating evidence in record, including medical evidence).

ORDER - 4

"Perhaps the most important of these extraneous circumstances will be the existence of precedents construing similar statutes *or similar facts*." Kali, 854 F.2d at 832 (citing Pierce, 347 U.S. at 566-70) (emphasis added). Thus, for example, "'a *string* of losses' or 'a *string* of successes,' may be 'indicative' on the issue of substantial justification." Id. (quoting Pierce, 347 U.S. at 569) (emphasis added). But "the fact that *one* other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Id. (rejecting argument that government lacked substantial justification because at time it decided to defend its position in court, another district court had issued decision containing reasoning Ninth Circuit adopted) (emphasis added).

In its order affirming the ALJ's decision, the Court found the ALJ properly: (1) evaluated the medical evidence in the record concerning plaintiff's mental and physical impairments; (2) discounted plaintiff's credibility; (3) assessed her residual functional capacity; and (4) found her to be capable of performing other jobs existing in significant numbers in the national economy. The Ninth Circuit, in reversing the Court and remanding this matter to defendant for further administrative proceedings, found the ALJ had failed to provide adequate reasons for rejecting the medical evidence in the record supporting plaintiff's disability claims. See ECF #35-1, pp. 2-4. In addition, the Ninth Circuit held that "to the extent the ALJ's determination that [plaintiff] was not credible was based on the rejection [of this evidence], [that] determination was in error." Id. at p. 4. Because of these errors, the Ninth Circuit further found the ALJ erred in assessing plaintiff's residual functional capacity and in finding her to be capable of performing other jobs existing in significant numbers in the national economy. See id.

Plaintiff argues that to find defendant's position was substantially justified in this matter, the Court essentially would be suggesting that defendant can establish substantial justification as

ORDER - 5

long as the ALJ "cites some evidence in the record to come to a conclusion," in which case "fees would never be awarded in a [S]ocial [S]ecurity disability case." ECF #35, p. 2. The Court does not find, however, that in so finding such a precedent would be set here or that this is in fact what the ALJ did in this case. Indeed, if that were the case, this Court would be going against clearly established Ninth Circuit precedent. See Flores, 49 F.3d at 570 (pointing out that *previous* Ninth Circuit cases assessing whether claimant was entitled to recover attorney's fees had based their decisions on evaluation of whether there was "some evidence" supporting government's decision that claimant was not disabled, but noting that this was no longer correct).

As noted above, for defendant's position to be substantially justified, it must have "had a 'reasonable basis both in law and fact.'" Gutierrez, 274 F.3d at 1258 (quoting Pierce, 487 U.S. at 565); Penrod, 54 F.Supp.2d at 964. With respect to the medical evidence in the record, the Ninth Circuit found the ALJ erred in relying on the following reasons for rejecting the opinion of Dr. Agunbiada, a treating physician: (1) that it was based on a one-time examination; (2) that it was inadequately supported by clinical findings; and (3) that it was contradicted by the opinion of Dr. Quint, an examining neurologist. See ECF #35-1, p. 2. This Court too found reason (1) to have been improper. See ECF #23, p. 10. The Ninth Circuit also found the ALJ erred in rejecting the opinion of Dr. Grayson, a family practitioner examining physician, in favor of that provided by Dr. Britz, an examining neurosurgeon. See ECF #35-1, p. 3. Lastly, the Ninth Circuit found the ALJ erred in rejecting the opinions of Dr. Brose and Dr. Eather, two examining psychologists, on the basis that they were unsupported by clinical evidence. See id. at pp. 3-4.

Although the Ninth Circuit clearly did not view the ALJ's rejection of the above medical opinion source evidence as having a proper evidentiary basis, the Court nevertheless finds that defendant's position was reasonably based in both law and fact. The ALJ has sole responsibility

ORDER - 6

for determining credibility and resolving ambiguities and conflicts in the medical evidence in the administrative record. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); 694 F.2d 639, 642 (9th Cir. 1982). Further, in resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons," and this can be shown by the ALJ "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725.

The Ninth Circuit did not find the ALJ's evaluation of the medical evidence to have been legally erroneous. That is, it did not reverse the ALJ's decision on the basis of any error of law – e.g., a failure by the ALJ to abide by established legal standards for evaluating medical or other evidence in the record – but rather on the basis that the ALJ's findings and conclusions were not supported by substantial evidence. See ECF #35-1. Nor is any legal error apparent to this Court, as was discussed in greater detail in its order affirming defendant's decision to deny benefits. As such, the position defendant took in this matter was reasonably based in law, and thus he has met that prong of the substantial justification test.

In addition, although the Ninth Circuit ultimately held the ALJ's conclusions to be not supported by substantial evidence, the Court finds those conclusions and defendant's position to still have been *reasonably* based in fact. Given the conflicting nature of the medical evidence in the record and sole responsibility for resolving such evidence, which, as noted above, the Ninth Circuit has recognized the ALJ possesses, along with the detailed summary of that evidence the ALJ provided (including his interpretation of that evidence and stated reasons for the weight he gave thereto), the ALJ's resolution and defendant's defense thereof cannot be said to have been without some rational (or reasonable) basis. Evidence of such reasonableness is indicated by this Court's own ruling upholding the ALJ's decision and finding for defendant.

ORDER - 7

Whether the substantial evidence in the record supports a determination of non-disability necessarily must be made on a case-by-case basis. Often, as here, there is medical evidence in the record that both supports and detracts from the claimant's allegations of disability. Thus, this is not the type of case where "'a *string* of losses' or 'a *string* of successes,' may be 'indicative' on the issue of substantial justification," which would inform defendant that defending the ALJ's decision might not be a reasonable course of action. Kali, 854 F.2d at 332 (quoting Pierce, 347 U.S. at 569) (emphasis added). Nor has it been shown that such cases or other legal precedents "construing . . . *similar facts*" existed at the time of the ALJ's decision or defendant's defense thereof in this Court, to indicate that defendant's position in this case was not reasonably based in fact or otherwise not substantially justified. Kali, 854 F.2d at 832 (quoting Pierce, 347 U.S. at 569) (emphasis added).

Indeed, the reasonableness of the ALJ's evaluation of the medical evidence in the record, and of defendant's position before this Court, is evidenced by the fact that this Court upheld the ALJ's decision upon judicial review thereof. See Lewis, 281 F.3d at 1084 (finding district court did not commit legal error in considering recommendation of magistrate judge to uphold ALJ's decision in determining government's position was substantially justified). Thus, it was not until the Ninth Circuit held in *this* case that the ALJ's conclusions were not supported by substantial evidence that defendant was made aware (or reasonably should have been made aware) that its position was incorrect. See id. (noting fact that *one* other court agreed or disagreed with position of government does not establish whether it was substantially justified).[3]

---

[3] Because the ALJ's evaluation of the medical evidence in the record was reasonably based in both law and fact, and because, as noted above, the Ninth Circuit's determination that the ALJ's assessment of plaintiff's credibility and of her residual functional capacity – and thus his determination that plaintiff was capable of performing other work that existed in significant numbers in the national economy – were erroneous based on the ALJ's improper evaluation of that evidence, the ALJ's findings at these other stages of the sequential disability evaluation process and defendant's

ORDER - 8

As for plaintiff's assertion that to find defendant's position was substantially justified in this case, this would essentially mean that all an ALJ would have to so is point to some evidence in the record to support his or her decision and substantial justification would be found, with the result being that EAJA attorney's fees would never be awarded, the Court notes that the ALJ's evaluation of the evidence in the record still must be *reasonably* based in law and fact. Thus, an ALJ decision that has little, or merely *some* evidentiary support in the record, will not result in a finding of substantial justification. Further, if as plaintiff argues, substantial justification cannot be found any time the substantial evidence standard is met, the opposite likely will happen. That is, in all practicality substantial justification would almost never be found.

## CONCLUSION

For all of the above reasons, the Court hereby finds that because defendant's position in this case was substantially justified, plaintiff is not entitled to an award of attorney's fees and expenses pursuant to the EAJA. Accordingly, plaintiff's application for such fees and expenses hereby is DENIED.

DATED this 29th day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

---

position with respect thereto also necessarily were reasonably based in both law and fact and thus were substantially justified.

ORDER - 9