UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA K. GUNDY,<br><br>                     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN. Commissioner of Social Security, [1]<br><br>                     Defendant. | Case No. 3:09-cv-05111-KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER SETTING AMOUNT OF ATTORNEYS FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTIC ACT (EAJA), 28 U.S.C. § 2412 |

This matter comes before the Court on plaintiff's filing of a motion for an order setting amount of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the Court finds that for the reasons set forth below plaintiff's motion should be granted to the extent that she is entitled to attorney fees in the amount of $23,441.00, expenses in the amount of $486.80 and costs in the amount of $332.53.

FACTUAL AND PROCEDURAL HISTORY

On January 21, 2010, the Court issued an order affirming defendant's decision to deny

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

ORDER - 1

plaintiff Social Security disability benefits. See ECF #23.  That order was reversed by the Ninth Circuit on May 19, 2011, which remanded this matter to the Commissioner of Social Security (the "Commissioner") for further administrative proceedings. See ECF #28.  On July 22, 2011, plaintiff filed a motion for attorney fees and expenses pursuant to the EAJA (see ECF #33), which this Court denied on November 29, 2011, on the basis that the Commissioner's position was substantially justified (see ECF #36).

The Ninth Circuit again disagreed, reversing the Court's order on December 6, 2012, based on its determination that the Commissioner's position was not substantially justified and that plaintiff was entitled to an award of attorney fees under the EAJA. See ECF #39.  The Court of Appeals issued its mandate on January 30, 2013. See ECF #40.  Plaintiff filed his current motion for EAJA attorney fees with the Court on February 26, 2013 (see ECF #41), which was originally noted for consideration on March 15, 2013 (see id.), but which later was re-noted for April 12, 2013, to accommodate the extended briefing schedule allowed by the Court (see ECF #42-#46).  Plaintiff's motion is now ripe for review.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been

ORDER - 2

"substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990).

In social security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).[2] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. Id.  There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, the Ninth Circuit remanded this case for further administrative proceedings.  Given the Ninth Circuit's remand of this Court's previous order denying EAJA attorney fees and expenses also as discussed above, plaintiff has met her burden regarding the lack of substantial justification on the part of the government as well. See Jean, 496 U.S. at 158; In addition, there do not appear to be any special circumstances making an award of attorney fees unjust, nor has defendant argued that there are.

The Court, however, must determine whether the attorney fees being requested are

---

[2] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." Id., 296 F.3d at 854.  Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." Id.  "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.")  A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan, 296 F.3d at 854.  A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Id. Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855. Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

ORDER - 3

"reasonable." Jean, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The test to be used in determining what attorney fees are reasonable was set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing Jean, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in Hensley)); see also Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id. "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." Id. Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the inquiry." Id. Rather, the Court also must consider "the important factor of the 'results obtained.'" Id. That is, did the prevailing party "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. The Supreme Court went

ORDER - 4

on to state:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

Id. Nevertheless, as discussed above, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437.

Defendant does not challenge the amount of expenses and costs being requested in this case, and therefore they are not at issue here and thus are hereby granted.[3] Defendant also does not challenge the hourly rates for the attorney fees being requested. Defendant does point out that while plaintiff calculated her counsel spent 28.7 hours working on this matter in 2012 and 2.1 hours working on it in 2013, the time records she submitted actually show 28.9 hours is the correct number for 2012, and 2.0 hours in 2013. Plaintiff does not dispute this discrepancy or argue that the submitted time records do not accurately reflect the work actually done by counsel. See ECF #41-2. Accordingly, the Court finds the amount of requested attorney fees should be increased by a total of $18.43 for the 2012-2013 time period.[4]

---

[3] Plaintiff originally requested expenses in the amount of $611.75. Defendant argues that in making such a request, plaintiff conflated the terms "expenses" and "costs", and that plaintiff in fact is entitled to $486.80 in expenses and another $332.53 in costs. Plaintiff does not challenge defendants division of the amount she requests into those two categories or the amounts accorded to each.

[4] As noted, the time records show plaintiff's counsel worked an additional 0.2 hours in 2012 and 0.1 hours less in 2013, resulting in an increase of 0.1 hours overall. Given that it appears both parties agree the hourly rates for the years 2012 and 2013 are the same, the 0.1 increase in overall hours for those years results in an increase of $18.43 ($184.32 x 0.1). See ECF #41-1, p. 3.

ORDER - 5

Defendant argues plaintiff's requested attorney fees should be reduced by a total of 22.0 hours for work performed by plaintiff's counsel and paralegal over time during the years 2009 through 2013, because that work involved clerical tasks. In support of her argument, defendant relies on Missouri v. Jenkins, 491 U.S. 274 (1989), in which the Supreme Court – in a case dealing with the issue of whether it is appropriate to bill work performed by paralegals, law clerks and recent law school graduates at prevailing market rates pursuant to 42 U.S.C. § 1988 – commented that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Id. at 288 n. 10 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974); see also Davis v. City and County of San Fancisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (noting as well that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost."). The Supreme Court went on to state:

> What the [Fifth Circuit in Johnson] said in regard to the work of attorneys is applicable by analogy to paralegals: "It is appropriate to distinguish between legal work, in the strict sense, and investigations, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."

Id. Plaintiff argues Missouri is not applicable here because it involved attorney fees that were sought pursuant to 42 U.S.C. § 1988, whereas this is an EAJA case. But as discussed above, both the Supreme Court and the Ninth Circuit have expressly held that the same standard for determining attorney fees eligibility under the former statue is applicable to the latter, and indeed to all federal fee-shifting statutes in general. Plaintiff also attempts to distinguish Missouri on the basis that it did not deal with attorney's fees. While true, as just noted, the Supreme Court

ORDER - 6

quoted with approval the above Fifth Circuit case that *did* deal with attorney's fees as support for its findings on the issue of billing for clerical tasks.

Plaintiff goes on to argue that:

> . . . It must be understood that this work was done in the context of a small law office with one attorney and, unlike the defendant, there is not a large staff that does Circuit Court appeals as a matter of routine. Much of the work that was done by the attorney in order to make sure it was done correctly because the staff does not have that much experience with Circuit Court appeals.

ECF #46, p. 3. While the Court acknowledges the realities of a small law firm practice, neither the Supreme Court nor the other courts cited herein, including the Ninth Circuit, have held such to be a proper basis for avoiding the prohibition against billing for clerical tasks at attorney rates. Indeed, as noted above, the Supreme Court expressly took into account the fact that an attorney may have to perform such tasks "because he has no other help available." <u>Missouri</u>, 491 U.S. 288 n. 10 (quoting <u>Johnson</u>, 488 F.2d at 717).

That being said, the Court does agree with plaintiff that many of the items defendant characterizes as being clerical in nature are not. Of the 22.0 hours defendant characterizes as such, the Court finds a total of only 5.30 hours constitute clerical tasks. Those are set forth as follows:

<u>2009</u>

- 0.10 hours (4/16/09: file notice of unavailability with court)

<u>2010</u>

- 0.10 hours (4/29/10: file notice of unavailability with court)
- 0.60 hours (6/25/10: travel to Kinkos to pick up excerpt of record)
- 0.60 hours (6/29/10: travel to FedEx to send documents to court)
- *0.50 hours (7/23/10: box excerpts of record to San Francisco court)*
- 0.80 hours (9/08/10: travel to Office Depot to buy gray paper

ORDER - 7

- electronically file brief with court)
- 0.20 hours (9/16/10: assemble and copy reply)

2011

- 0.20 hours (6/2/11: mail cost bill to court);
- 0.20 hours (11/30/11: download order denying EAJA attorney fees);

2012

- *0.10 hours (1/11/12: file NOA, representation statement and clerk letter re: IFP status with court)*
- 0.20 hours (4/5/12: file NOU with court)
- 0.40 hours (4/18/12: copy opening memo for OGC counsel, client and file)
- 0.40 hours (4/23/12: preparation of boxes and delivery to FedEx with seven briefs and four sets of excerpts of record for sending to court and OGC counsel)
- 0.10 hours (6/8/12: files NOU with court)
- 0.10 hours (6/8/12: file new NOU with court and OGC counsel)
- *0.10 hours (6/11/12: email Cert of Svc form to court)*
- 0.20 hours (10/16/12: download scheduling info, change to PDF, file with court)
- 0.20 hours (11/15/12: file NOU with 9th Cir.)
- 0.10 hours (12/14/12: file cost bill with Ninth Circuit Court of Appeals)

2013

- 0.10 hours (2/21/13: print work in progress report in preparation for EAJA filing).

See ECF #45, pp. 3-4 n. 2 (citing ECF #41-2).

That leaves the question of how to account for the improperly billed clerical tasks. The Court "has discretion in determining the amount of a fee award." Hensley, 461 U.S. at 434; see also Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991) ("[T]he determination of how much to trim from a claim for fees is committed to the court's discretion.") (citing Pierce v. Underwood, 487 U.S. 552, 571 (1988)).  However, the Court must "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. As

ORDER - 8

discussed above, the Supreme Court in Missouri stated that clerical tasks must be billed at a "lesser rate," but did not state *how* that rate is to be calculated.  Plaintiff argues the clerical tasks at issue in this case should be billed at the paralegal rate.

As defendant points out, though, the Ninth Circuit – in also dealing with the issue of billing for clerical tasks at paralegal rates – stated that such tasks should be "subsumed in firm overhead rather than billed at paralegal rates," and that when they "are billed at hourly rates, the court should *reduce the hours requested* to account for the billing errors." Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (emphasis added) (citing Davis, 976 F.2d at 1543 (finding five percent reduction in total number of hours claimed "more than compensated" for time challenged as improperly billed); Action on Smoking and Health v. C.A.B., 724 F.2d 211, 222-23 (D.C. Cir. 1984) (deeming it appropriate to reduce claim of hours reasonably expended by 25% for hours spent on issue on which client did not prevail, duplicative hours, hours unnecessarily expended, and hours spent performing non-legal tasks).

As plaintiff has not pointed to any legal authority to support his suggestion that errors in billing clerical tasks performed by her counsel should be addressed by billing them at paralegal rates rather than a reduction in actual hours – other than the "lesser rate" language contained in Missouri – the Court declines to adopt it, and instead finds that the proper approach is to reduce the appropriate number of hours improperly billed by the actual number of such hours billed.  In Davis, the billing attorney voluntarily reduced the number of hours billed by five percent, and in Action the Federal Circuit did not state what portion of the 25 percent imposed reduction it was attributing to the hours spent performing non-legal tasks.  In Nadarajah, however, the Ninth Circuit reduced the number of reasonably claimed hours by the actual number of hours found to

ORDER - 9

be improperly billed for clerical tasks. See 569 F.3d at 921. Given that this is the approach the Ninth Circuit most recently has adopted and is consistent with its holding that clerical task work should be subsumed in firm overhead, the Court adopts it as well.

Accordingly, the 5.30 hours in improperly billed clerical tasks results in a reduction of attorney fees for improper billing of clerical tasks in the total amount of $948.27, calculated as follows by year in which those hours were performed:

- 2009: 0.10 hours x $172.24 = $17.22;
- 2010: 2.80 hours x $175.06 = $490.17;
- 2011: 0.40 hours x $180.59 = $72.24;
- 2012: 1.90 hours x $184.32 = $350.21;
- 2013: 0.10 hours x $184.32 = $18.43.

This results in a total $$23,441.00 in attorney fees to which plaintiff is entitled.[5]

The Court rejects, however, defendant's assertion that it should use its discretion to reduce plaintiff's requested attorney's fees by an additional 10%. Defendant cites Costa v. Commissioner of Social Security Administration, 690 F.3d 1132 (9th Cir. 2012), as support for her assertion here, in which the Ninth Circuit stated that while courts "should generally defer to the 'winning lawyer's' professional judgment as to how much time he was required to spend on the case," a district court nevertheless "can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Id. at 1136 (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).

---

[5] $24,370.84 (original amount of attorney fees requested) + $18.43 (amount of attorney fees for the additional 0.1 hours of time for the years 2012-2013 to which plaintiff is entitled as shown by the discrepancies between plaintiff's calculations and the time records submitted) - $948.27 (amount of attorney fees for the hours of time improperly spent performing clerical tasks) = $23,441.00.

ORDER - 10

Although it may be that a district court has the discretion described by the Ninth Circuit above to make such a "haircut" without any further explanation, absent *some* legitimate basis for making that reduction the Court declines to do so. Defendant argues a reduction is appropriate here "given the irregularities in Plaintiff's calculations and claimed time" (ECF #45, p. 6), but the Court finds nothing in the record to indicate plaintiff or her counsel acted intentionally or otherwise unethically in regard thereto. Indeed, as discussed above, the irregularities defendant notes actually resulted in plaintiff claiming *less* time than that to which she is entitled.

Defendant further argues a 10 percent reduction in plaintiff's requested attorney fees is warranted because the "most critical factor in determining the reasonableness of a fee award is the degree of success obtained," and this matter was remanded only for further administrative proceedings rather than for an award of benefits. ECF #45, p. 6 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992) (citing, *inter alia*, *Hensley*) (quotation marks omitted)). But the relief plaintiff requested in relation to her application for disability benefits was to have this matter remanded for further administrative proceedings. Accordingly, plaintiff achieved all that she asked for, and thus obtained "excellent results." Hensley, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," even where he or she may have "failed to prevail on every contention raised in the lawsuit.").

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for an order setting amount of attorney fees and expenses pursuant to the EAJA (see ECF #41) hereby is GRANTED to the extent that she is entitled to attorney fees in the amount of $23,441.00, expenses in the amount of $486.80 and costs in the amount of $332.53.

ORDER - 11

The Clerk is directed to send a copy of this order to counsel for plaintiff and counsel for defendants.

DATED this 8th day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12